**IN THE UNITED STATES DISTRICT
COURT FOR THE DISTRICT OF
COLORADO**

Civil Action No.:

WILLIAM YAROSH, individually
Plaintiff,

v.

GEICO CAUSALTY COMPANY, a Maryland corporation,
Defendant.

---

## COMPLAINT

---

Plaintiff William Yarosh, by and through counsel, Marlo Greer, of THE GREER LAW GROUP, PLLC, for his Complaint, state and allege as follows:

### <u>PARTIES, JURISDICTION, AND VENUE</u>

1.        Plaintiff William Yarosh is and was at all times relevant to this Complaint an individual residing in Denver, Colorado.

2.        Defendant Geico Casualty Company ("Geico") is and was at times relevant to this Complaint a Missouri corporation with its principal place of business in Maryland.

3.        This Court has subject matter jurisdiction over this dispute pursuant to 28 U.S.C. § 1332 because the parties are completely diverse and the amount in controversy exceeds $75,000, exclusive of interest and costs.

4.      Venue is proper in this Court because, among other things, this Complaint alleges causes of action arising out of an insurance policy issued in Colorado.

## **GENERAL ALLEGATIONS**

5.      On January 24, 2016, Mr. Yarosh was involved in a motor vehicle accident in which he sustained severe injuries.

6.      The collision was caused by the acts and omissions of Andreas Velopulos ("Mr. Velopulos") who, upon information and belief, resided in the City and County of Denver, Colorado.

7.      The collision occurred at the intersection of East 47th Avenue and Willow Street in the City and County of Denver.  Mr. Yarosh was driving a motor vehicle south on Willow Street. Mr. Velopulos was driving a motor vehicle West on East 47th Avenue.  Mr. Yarosh had the right of way and was going through the intersection when his Mr. Velopulos failed to stop at stop sign, and pulled into the intersection in front of Mr. Yarosh.

8.      Consequently, Mr. Yarosh was not able to stop and hit Mr. Velopulos. Both vehicles were towed from the scene. Mr. Velopulos was sighted for a violation of Revised Municipal Code of the City and County of Denver § 54-180. Vehicle entering through highway, stop or yield intersection.

9.      As a direct and proximate result of Mr. Velopulos' negligence, Mr. Yarosh suffered permanent injuries including past and future medical expenses, emotional distress, and pain and suffering.

10.     As a direct and proximate result of the negligence of Mr. Velopulos, Mr. Yarosh

has in the past endured pain and suffering and will in the future endure pain and suffering; has

incurred the services of doctors, nurses and hospitals and will in the future incur the services of

doctors, nurses and/or hospitals; has been required to obtain medicines and medical equipment and

will in the future be required to obtain medicines and medical equipment; has in the past suffered

a loss of wages and earnings and will in the future suffer an impairment of his earning capacity;

has in the past suffered the loss of enjoyment of a full and complete life and continues to suffer a

loss of enjoyment of a full and complete life; has in the past suffered a physical impairment and

continues to have physical impairment in an amount to be determined at the time of trial.

11.     William Yarosh suffered injuries and damages including, but not limited post-

concussive syndrome, cervical, facet joint damage, left upper extremity, rib and lower back pain,

lower extremity paresthesia, memory loss, confusion with word finding, organizing

thoughts, concentration, depression and anxiety.

12.     Mr. Velopulos was not insured.

13.     Pursuant to the policy provisions of Geico Casualty Company's UM vehicle

coverage, Mr. Velopulos was an "uninsured motorist."

14.     By this lawsuit, Mr. Yarosh seek benefits under the UM portion of the policy

issued by Geico Casualty Company.

## FIRST CLAIM FOR RELIEF
### (Breach of Insurance Contract)

15.     Plaintiffs incorporate all previous paragraphs herein by reference.

16.     The UM Policy is a contract for insurance.  As the driver of the vehicle insured

by the Geico Casualty Company policy, William Yarosh is a beneficiary of the policy entitled to enforce it.

17.     The UM policy requires Geico Casualty Company to pay UM benefits to covered individuals such as Mr. Yarosh.

18.     Mr. Yarosh is entitled to benefits under the UM policy because he was not compensated for injuries he sustained in the automobile collision caused by the acts and omissions of Mr. Velopulos.

19.     Mr. Yarosh performed or is excused from performing all of his obligations under the UM policy.

20.     Mr. Yarosh has satisfied all conditions precedent to recovery under the UM Policy.

21.     Mr. Yarosh suffered damages in an amount to be established at trial, for which Geico Casualty Company is liable.

## SECOND CLAIM FOR RELIEF
### (Negligence-UM Claim)

22.     Plaintiffs incorporates all previous paragraphs as if fully set forth herein.

23.     Mr. Velopulos had a duty to exercise reasonable care in the operation of his motor vehicle upon the public roadways of the State of Colorado.

24.     On or about January 24, 2016, Mr. Velopulos was negligent with regard to the vehicle he was driving, causing a collision with Mr. Yarosh.

25.      Mr. Velopulos breached this duty by failing to keep a proper lookout, driving carelessly, driving carelessly under the conditions, and taking the right away and causing a collision with Mr. Yarosh.

26.      As a direct and proximate result of the negligence of Mr. Velopulos, Mr. Yarosh has suffered, will suffer, and claims past and future economic damages, past and future non-economic damages, past and future physical impairment damages, and past and future disfigurement damages and was damaged as more fully stated above.

### THIRD CLAIM FOR RELIEF
### (Violation of C.R.S. §§ 10-3-1115, 1116)

27.      Plaintiffs incorporate the preceding paragraphs as if set forth fully herein.

28.      Colo. Rev. Stat. §§ 10-3-1115(1), (2) forbid an insurer from unreasonably denying or delaying payment of a claim for benefits owed to or on behalf of a first-party claimant.

29.      Mr. Yarosh is a first-party claimant within the meaning of Colo. Rev. Stat. §§ 10-3-1115(1), (2).

30.      Colo. Rev. Stat. § 10-3-1116(1) provides that a first-party claimant whose claim has been unreasonably delayed or denied by an insurer may bring an action to recover his attorneys' fees and costs as well as twice the amount of the covered benefits unreasonably delayed or denied.

WHEREFORE, Plaintiff respectfully prays for an award of compensatory damages in favor of Plaintiff and against the Defendant in an amount to be determined by the trier of fact, all prejudgment interest allowed by law, all pre-filing interest allowed by law, all post judgment interest allowed by law, all interest allowed by law, expert witness fees, filing fees, deposition expenses, for all other costs and expenses as allowed under law, and for such other and further relief as this Court may deem appropriate.

Respectfully submitted 23rd day of January, 2018.

*(Signed Original on File at The Greer Law Group PLLC)*

 */s/ Marlo Greer*                              
Marlo Greer
THE GREER LAW GROUP, PLLC
3773 E. Cherry Creek Dr. N, Suite 575
Denver, CO 80209
Telephone: (303) 331-6460
Facsimile: (303) 399-6480
Email: mgreer@gvlegal.net
*Attorneys for Plaintiff*

Plaintiffs' Address:
2200 Dallas Street
Apt. 10
Aurora, CO 80010